COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Humphreys and Beales


HOSPIRA WORLDWIDE, INC. AND
  XL SPECIALTY INSURANCE COMPANY

                                                          MEMORANDUM OPINION*
v.        Record No. 0932-08-2                                 PER CURIAM
                                                            AUGUST 19, 2008
CHRISTINE SCHANNE COOK


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Joseph F. Giordano; Semmes, Bowen & Semmes, on brief), for
            appellants.

            (Stephen T. Harper; Kerns, Kastenbaum & Reinhardt, on brief), for
            appellee.


      Hospira Worldwide, Inc. and its insurer (hereinafter referred to as "employer") appeal a

decision of the Workers' Compensation Commission awarding medical benefits to Christine

Schanne Cook (claimant), and finding she proved that she sustained (1) an injury by accident

arising out of and in the course of her employment on April 19, 2005, and (2) a back injury

causally related to that accident.[1]  We have reviewed the record and the commission's opinion

---

      * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

      [1] Employer's Question Presented 2 is whether the commission erred in finding that
claimant's lower back symptoms and medical treatment after March 15, 2006, were causally
related to a specific incident on April 19, 2005.  Claimant contends employer failed to raise this
specific question before the commission and, therefore, the commission did not specifically
address it, and this Court cannot consider it on appeal.
      With respect to the causation issue, the deputy commissioner found that notwithstanding
Dr. Howard G. Stern's IME opinion that claimant's complaints were not causally related to the
April 19, 2005 incident, there was sufficient evidence to establish that claimant's sciatica and
lumbar strain are related to the compensable accident, based upon the reports from Dr. E.
Claiborne Irby, Jr., claimant's treating physician.  The deputy commissioner then concluded,
"[w]e do rely upon Dr. Stern's opinion to find that there is insufficient evidence to establish that
the claimant's degenerative disc disease and her 'degenerative appearing central disc

and find that this appeal is without merit.  Accordingly, we affirm for the reasons stated by the commission in its final opinion.  See Cook v. Hospira Worldwide, Inc., VWC File No. 230-40-52 (Mar. 12, 2008).  We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.  See Code § 17.1-403; Rule 5A:27.

Affirmed.

bulge-protrusion at L5-S1' are not [sic] causally related to the compensable accident."  The deputy commissioner awarded medical benefits to claimant, specifically finding her muscular low back pain and sciatica necessitated physical therapy and a referral to Dr. Daniel Martin, treatment in Illinois, and Dr. Irby's referrals to physical therapy and his prescriptions for medication.

Employer appealed that decision to the full commission.  In its written statement filed on review, employer raised two questions:  Whether the deputy commissioner erred in finding that (1) the claimant sustained a compensable injury by accident to her lower back arising out of and in the course of her employment on April 19, 2005; and (2) her lower back symptoms were causally related to a specific incident on April 19, 2005.  In that written statement, with respect to the second question, employer argued that claimant failed to prove a causal relationship between her lower back symptoms and her work accident, in light of her pre-existing degenerative disease and lower back pain.  Thus, employer contended that claimant failed to prove the April 19, 2005 incident materially aggravated her pre-existing symptoms resulting in any new or increased low back pain.  Employer did not specifically limit its causation argument to apply only to the period after March 15, 2006, until it filed its notice of appeal to this Court.  Thus, the commission did not specifically address that issue.  However, in light of the deputy commissioner's findings regarding causation, which were affirmed by the commission, the commission's consideration of employer's written statement, which contained its general causation argument, and the commission's findings that claimant's "treating physicians related her back pain to lifting boxes on April 19, 2005," while discounting Dr. Stern's opinion that there was no causal connection between claimant's MRI findings and her employment, we conclude that those findings apply to the period after March 15, 2006, and because they are supported by credible evidence, we find no merit in Question Presented 2.

- 2 -